UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ISMAEL MARTINEZ, <br><br>  Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC.; HONEYWELL SAFETY PRODUCTS USA, INC. HONEYWELL BUILDING SOLUTIONS SES CORP., WANZEK CONSTRUCTION, INC., ENEL NORTH AMERICA, INC., AND ENEL X NORTH AMERICA, INC., <br><br>  Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Honeywell International Inc., Honeywell Safety Products USA, Inc., and Honeywell Building Solutions SES Corporation (hereinafter referred to collectively as "Honeywell" or "Defendants"), by and through its attorneys, Kean Miller, LLP, file this Notice of Removal based on diversity of citizenship and amount in controversy, and would respectfully show the Court as follows:

### I.   INTRODUCTION

1.   On January 25, 2022, Plaintiff filed his Original Petition in this matter entitled *Ismael Martinez v. Honeywell International Inc., et al.*; Cause No. 2022-04679, in the 333rd Judicial District Court of Harris County, Texas (the "State Court Action").[1] In that Petition, which is the live petition at the time of this Notice, Plaintiff asserts personal injury claims, including negligence and gross negligence claims against all defendants, and a products liability claim

---

[1] Attached as Exhibit B.

against Honeywell only, for injuries allegedly sustained as a result of an incident that occurred in Throckmorton County, Texas.

## II. Timeliness of Removal

2. All Honeywell Defendants were served with this lawsuit on or about February 8, 2022.[2] Honeywell is therefore filing this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b). *See Board of Regents of Univ. of Texas System v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3. Removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceed $75,000.00. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named Defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S.Ct. 606, 610 (2005).

4. Honeywell files this Notice of Removal tracing each state of incorporation and principal place of businesses for each relevant entity. 28 USC § 1332(c)(1).

5. On information and belief, Wanzek Construction, Inc., Enel North America, Inc., and Enel X North America, Inc., co-defendants, have been properly joined, served, and consent to removal. 28 U.S.C. § 1446(b)(2)(B); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).[3]

### A. Diversity

---

[2] *See* Exhibit A, All 6 service returns for the Defendants showing service effected on February 8, 2022.

[3] Co-defendants who have consented to removal do not waive personal jurisdiction defenses and are made in limited appearance. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 2020 U.S. App. LEXIS 1382 (3rd Cir. Jan. 15, 2020). *See* also Exhibit G, Consent to Removal.

6. Here, the parties are completely diverse. Plaintiff, Ismael Martinez, has alleged his residence to be Texas. However, upon information and belief Honeywell asserts Texas is also Plaintiff's domicile as Texas is the state in which he resides with an intent to remain. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

7. **Honeywell International Inc.** is a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the State of North Carolina. It is therefore a citizen of Delaware and North Carolina. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317 (2006) ("…under 28 U.S.C. § 1332(c)(1), a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and' of the State where it has its principal place of business.'").

8. **Honeywell Safety Products USA, Inc.**, is a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the State of North Carolina. It is therefore a citizen of Delaware and North Carolina. *Id.*

9. **Honeywell Building Solutions SES Corp.**[4], was a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the State of Minnesota. It is therefore a citizen of Delaware and Minnesota. *Id.*

10. **Wanzek Construction, Inc. ("Wanzek"),** is a corporation organized and incorporated under the laws of the State of North Dakota, with its principal place of business in the State of North Dakota. It is therefore a citizen of North Dakota. *Id.*

11. **Enel North America, Inc. ("Enel")**, is a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the State of Massachusetts. It is therefore a citizen of Delaware and Massachusetts. *Id.*

---

[4] Honeywell Building Solutions SES Corp. no longer exists.

12.     **Enel X North America, Inc. ("Enel X")** is a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the State of Massachusetts.  It is therefore a citizen of Delaware and Massachusetts.  *Id.*

13.     Accordingly, there is complete diversity of citizenship between Plaintiff and the properly joined Defendants, thus removal is proper.  28 U.S.C. §§ 1332(a), 1441(a).

### B.     Amount in Controversy

14.     Plaintiff specifically alleges in the State Court Action that they seek monetary relief of over $1,000,000.00. (Comp., Prayer for Relief).  This unequivocally satisfies the requirements of 28 U.S.C. § 1332(a).  Accordingly, the amount-in-controversy requirement for removal based on diversity jurisdiction is satisfied

### V.     OTHER PROCEDURAL REQUIREMENTS

15.     Honeywell files this Notice of Removal in the United States District Court for the Southern District of Texas, Houston Division, which is the district and division within which the State Court Action was pending.  *See* 28 U.S.C. § 1441(a), § 124(b)(2).

16.     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

17.     Honeywell will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Harris County, Texas, where the State Court Action was pending, as required by 28 U.S.C. § 1446(d).

4854-1972-3535 V1

18. By removing this action, Honeywell expressly reserves and does not waive any defenses, objections, or motions under state or federal law.

19. By removing this action Honeywell does not admit any of the allegations in Plaintiff's Petition.

20. Honeywell reserves the right to amend or supplement this Notice of Removal.

21. Moreover, in accordance with Local Rule 81, this Notice of Removal is accompanied by the following documents:

   1. All executed process in the case (Exhibit A);
   2. Pleadings asserting causes of action (Exhibit B);
   3. All orders signed by the state judge, should any exist (Exhibit C);
   4. The docket sheet (Exhibit D);
   5. An index of matters being filed (Exhibit E);
   6. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F); and
   7. All Consents to Removal (Exhibit G).

### VI.   CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED,** having established all of the prerequisites for removal under 28 U.S.C. § 1441 and § 1446, including all jurisdictional requirements rendering removal is proper pursuant to 28 U.S.C. § 1332, Defendant Honeywell prays it may affect removal of this action from the District Court of Harris County, Texas to the Southern District of Texas, Houston Division, and for any such other and further relief to which it may show itself justly entitled, either general or specific, at law or in equity.

| | |
|---|---|
| Dated:  March 4, 2022 | Respectfully submitted, |

        **/s/ John F. Jakuback**
        John F. Jakuback
        State Bar No. 24071604
        Judith A. Meyer
        State Bar No. 13993200
        Scott Zimmer
        State Bar No. 24008331
        KEAN MILLER LLP
        711 Louisiana Street, Ste 1800 South Tower
        Houston, TX  77002
        (713) 844-3000713-844-3000

        john.jakuback@keanmiller.com
        judith.meyer@keanmiller.com
        scott.zimmer@keanmiller.com

*Attorneys for Honeywell International Inc., Honeywell Safety Products USA, Inc., and Honeywell Building Solutions SES Corporation*

### Certificate of Service

I certify that on March 4, 2022, a copy of this document was served on all counsel of record using the Court's e-filing system.

        **/s/ John F. Jakuback**
        John F. Jakuback

4854-1972-3535 V1