United States Courts Southern
District of Texas
FILED

*7/28/2022*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ISMAEL MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC.; HONEYWELL SAFETY PRODUCTS USA, INC. HONEYWELL BUILDING SOLUTIONS SES CORP., WANZEK CONSTRUCTION, INC., ENEL NORTH AMERICA, INC., AND ENEL X NORTH AMERICA, INC., <br><br> Defendants. | Civil Action No. 4:22-CV-00697 |

## DEFENDANTS ENEL NORTH AMERICA, INC.'S AND ENEL X NORTH AMERICA, INC.'S FIRST SUPPLEMENTAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF THIS COURT:**

**ENEL NORTH AMERICA, INC. AND ENEL X NORTH AMERICA, INC., improperly named as Enel North America X, Inc.** (hereinafter collectively "Enel" or "Defendants"), file this their First Supplemental Answer to Plaintiff's Original Petition, and would respectfully show this Court as follows:

### I. ANSWER

1. The allegations made in paragraph 1 of Plaintiff's Original Petition are no longer applicable.

2. Enel denies the allegations made in paragraph 2 of Plaintiff's Original Petition.

3. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 3 of Plaintiff's Original Petition.

4. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 4 of Plaintiff's Original Petition.

5. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 5 of Plaintiff's Original Petition.

6. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 6 of Plaintiff's Original Petition.

7. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 7 of Plaintiff's Original Petition.

8. Enel denies the allegations made in paragraph 8 of Plaintiff's Original Petition.

9. Enel denies the allegations made in paragraph 9 of Plaintiff's Original Petition.

10. Enel admits that Plaintiff apparently fell on November 16, 2021. Enel denies the remainder of the allegations contained in paragraph 10 of Plaintiff's Original Petition.

11. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 11 of Plaintiff's Original Petition.

12. Enel denies the allegations made in paragraph 12 of Plaintiff's Original Petition.

13. Enel denies the allegations made in paragraph 13 of Plaintiff's Original Petition.

14. Enel denies the allegations made in paragraph 14 of Plaintiff's Original Petition.

15. Enel incorporates by reference the paragraphs above as if fully set forth herein. Enel denies the allegations made in paragraph 15, including all sub-parts, of Plaintiff's Original Petition.

16. Enel denies the allegations made in paragraph 16 of Plaintiff's Original Petition.

17. Enel denies the allegations made in paragraph 17 of Plaintiff's Original Petition.

18. Enel incorporates by reference the paragraphs above as if fully set forth herein. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 18 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 18 of Plaintiff's Original Petition.

19. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 19 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 19 of Plaintiff's Original Petition.

20. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 20 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 20 of Plaintiff's Original Petition.

21. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 21 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 21 of Plaintiff's Original Petition.

22. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 22 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 22 of Plaintiff's Original Petition.

23. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 23 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 23 of Plaintiff's Original Petition.

24. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 24 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 24 of Plaintiff's Original Petition.

25. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 25 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 25 of Plaintiff's Original Petition.

26. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 26 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 26 of Plaintiff's Original Petition.

27. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 27 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 27 of Plaintiff's Original Petition.

28. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 28 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 28 of Plaintiff's Original Petition.

29. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 29 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 29 of Plaintiff's Original Petition.

30. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 30 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 30 of Plaintiff's Original Petition.

31. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 31 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 31 of Plaintiff's Original Petition.

32. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 32 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 32 of Plaintiff's Original Petition.

33. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 33 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 33 of Plaintiff's Original Petition.

34. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 34 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 34 of Plaintiff's Original Petition.

35. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 35 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 35 of Plaintiff's Original Petition.

36. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 36 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 36 of Plaintiff's Original Petition.

37. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 37 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 37 of Plaintiff's Original Petition.

38. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 38 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 38 of Plaintiff's Original Petition.

39. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 39 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 39 of Plaintiff's Original Petition.

40. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 40 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 40 of Plaintiff's Original Petition.

41. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 41 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 41 of Plaintiff's Original Petition.

42. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 42 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 42 of Plaintiff's Original Petition.

43. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 43 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 43 of Plaintiff's Original Petition.

44. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 44 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 44 of Plaintiff's Original Petition.

45. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 45 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 45 of Plaintiff's Original Petition.

46. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 46 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 46 of Plaintiff's Original Petition.

47. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 47 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 47 of Plaintiff's Original Petition.

48. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 48 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 48 of Plaintiff's Original Petition.

49. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 49 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 49 of Plaintiff's Original Petition.

50. Enel lacks information or knowledge sufficient to admit or deny the allegations made in paragraph 50 of Plaintiff's Original Petition. To the extent a response is required, Enel denies the allegations made in paragraph 50 of Plaintiff's Original Petition.

51. Enel admits that Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court, but denies that he is entitled to such damages and denies the remainder of the allegations made in paragraph 51 of Plaintiff's Original Petition.

52. Enel admits Plaintiff seeks punitive damages, but denies that he is entitled to such damages and denies the remainder of the allegations made in paragraph 52 of Plaintiff's Original Petition.

53. Enel admits that Plaintiff has demanded a trial by jury.

54. Paragraph 54 (Prayer), and all its sub-parts, is a legal contention and does not require a response. However, to the extent a response is required, Enel denies the allegations made in paragraph 54, and all its sub-parts, of Plaintiff's Original Petition and denies that Plaintiff is entitled to the relief sought.

## II.  AFFIRMATIVE DEFENSES

55. Plaintiff's claims against Enel are preempted by Texas Civil Practice and Remedies Code Chapter 95.  To the extent that Plaintiff alleges Enel owned the property at issue, Enel asserts that they are not liable for the acts of independent contractors pursuant to Texas Civil Practice and Remedies Code Section 95.003.

56. Enel would show that the damages complained of by Plaintiff were caused by the negligence of third parties beyond the control of Enel, and that such negligence was the sole and/or proximate cause of Plaintiff's damages.

57. Enel would show that independent or intervening causes proximately caused or produced Plaintiff's injuries and claims.

58. Enel alleges that Plaintiff assumed the risk of his activities.

59. Enel alleges that Plaintiff was comparatively negligent by failing to take proper safety precautions that resulted in his injuries.  Enel alleges comparative negligence and proportionate responsibility as set forth in Chapters 32 and 33 of the Texas Civil Practice & Remedies Code.  Pleading further, without waiving or limiting the foregoing, Enel would show that the damages complained of by Plaintiff resulted from his own negligence.

60. Enel further asserts the affirmative defenses of assumption of the risk, estoppel, injury by fellow servant, and/or waiver.

61. Pursuant to Rule 93 of the Texas Rules of Civil Procedure, Enel asserts that they do not have the legal capacity to be sued, and /or Enel is not liable in the capacity in which they are sued, and/or that there is a defect in the parties. Enel incorporates their prior declarations filed in support of their verified answer.[1]

62. Enel asserts that they are not liable for exemplary damages because a principal or master is liable for the gross negligence of his agent only if the principal authorized the doing and the manner of the act, the agent was unfit and the principal was reckless in employing him, the agent was employed in a managerial capacity and was acting in the scope of his employment, or the employer or a manager of the employer ratified and approved the act. Plaintiff has not alleged and cannot establish any such prerequisite to Enel's liability.

63. Enel asserts that Plaintiff is not entitled to an award of exemplary damages pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code. Alternatively, any award of exemplary damages must be capped by the applicable provisions of the same chapter.

64. Enel invokes section 41.0105 of the Texas Civil Practice & Remedies Code and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses and/or funeral expenses, the evidence to prove such losses be limited to the amount actually paid by or on behalf of Plaintiff, as opposed to the amount charged.

65. Enel asserts that Plaintiff's alleged earnings, loss of earning capacity, and/or loss of contributions of a pecuniary value must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

---

[1] Enel incorporates by reference the Declarations of Stephen Pike and Surya Panditi attached to Enel's Original Answer filed in state court on March 4, 2022.

66. Enel asserts that Plaintiff failed to mitigate his damages, if any.

67. Enel specifically otherwise reserves all objections related to jurisdiction, venue, or otherwise.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **ENEL NORTH AMERICA, INC. AND ENEL X NORTH AMERICA, INC., improperly named as Enel North America X, Inc.,** pray that Plaintiff take nothing by reason of his suit and that these Defendants be discharged and released; that these Defendants recover their costs; and for such other and further relief, both general and special, at law and in equity, to which these Defendants may show themselves justly entitled.

Respectfully submitted:

**CLARK HILL PLC**

By: */s/ James M. Kimbell*
  **JAMES M. KIMBELL, Lead Counsel**
  State Bar No. 11420000
  909 Fannin, Suite 2300
  Houston, Texas 77010-3033
  (713) 951-5600 – Telephone
  (713) 951-5660 – Facsimile
  JKimbell@clarkhill.com

Of Counsel:

**ADAM R. DIAMOND**
State Bar No. 24092344
Clark Hill PLC
909 Fannin, Suite 2300
Houston, Texas 77010-3033
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
ADiamond@clarkhill.com

**ATTORNEYS FOR DEFENDANTS
ENEL NORTH AMERICA, INC. AND
ENEL X NORTH AMERICA, INC., improperly
named as Enel North America X, Inc.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this the _____ day of July, 2022, a true and correct copy of this document was served on all counsel of record via e-serve, email, facsimile, first class mail and/or otherwise.

                                        */s/ James M. Kimbell*
                                        JAMES M. KIMBELL