United States District Court
Southern District of Texas
**ENTERED**
January 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ISMAEL MARTINEZ, § § Plaintiff, § § v. § HONEYWELL INTERNATIONAL, INC., § *et al.*, § § Defendants. § § | CIVIL ACTION NO. H-22-697 |

**MEMORANDUM AND ORDER**

Ismael Martinez inspected wind-turbine generators on the Azure Sky Wind Project, a large-scale hybrid wind project launched by Enel North America, Inc. and Enel X North America, Inc. in Throckmorton County, Texas. To climb a wind-turbine tower safely, Martinez used a cable-arrest system manufactured, sold, and distributed by Honeywell International, Inc., Honeywell Safety Products USA, Inc., and Honeywell Building Solutions SES Corporation. The cable-arrest system was installed and maintained at the project site by Enel and its contractor, Wanzek Construction, Inc.

On November 16, 2021, Martinez fell while inspecting a wind-turbine generator, sustaining severe injuries. He sued Honeywell International, Honeywell Safety Products, Honeywell Building Solutions, Enel North America, Enel X North America, and Wanzek Construction in Texas state court in January 2022. Martinez asserted negligence claims against the Enel defendants and Wanzek for failing to provide and maintain adequate fall-protection equipment. He also asserted design and marketing defect claims against the Honeywell defendants.

The Honeywell defendants removed in March 2022 on the basis of diversity jurisdiction. The parties have inspected the accident site in Throckmorton County and exchanged written discovery and documents. Wanzeck now moves to transfer the case to the Abilene Division of the Northern District of Texas, the district and division where the accident site is located, under 28 U.S.C. § 1404(a).

Having reviewed the briefs, the record, and the applicable law, the motion is granted. The reasons are set out below.

**I.      The Legal Standard**

The venue statute, 28 U.S.C. § 1391, allows plaintiffs, with some restrictions, to choose where to file suit. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312–13 (5th Cir. 2008) (en banc). Tempering this forum-selection choice, the venue-transfer statute, 28 U.S.C. § 1404, authorizes a district court to transfer a case when the chosen venue is "inconvenient." *Id.* at 313. Section 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This provision gives courts a tool to "prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient." *In re Volkswagen*, 545 F.3d at 313.

A party moving for transfer "must satisfy the statutory requirements" and clearly demonstrate that the transfer is "for the convenience of the parties and witnesses, in the interest of justice." *Id.* at 315 (alteration omitted). "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

"When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *Id.*

To determine whether to transfer, a court examines private and public factors. *Id.* The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious[,] and inexpensive." *Id.* (quotation omitted). The public factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (alteration and quotation omitted). "A plaintiff's choice of forum is given some—significant but non-determinative—weight." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016) (quotation omitted). These factors are neither "exhaustive" nor "exclusive," and "none can be said to be of dispositive weight." *In re Volkswagen*, 545 F.3d at 313 (alteration and quotation omitted). The court must "balance a number of case-specific factors" and conduct "an 'individualized, case-by-case consideration of convenience and fairness.'" *In re Rolls Royce Corp.*, 775 F.3d 671, 678 (5th Cir. 2014) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

"The existence of a mandatory, enforceable [forum-selection clause] dramatically alters this analysis." *Weber*, 811 F.3d at 767. The plaintiff's forum choice "merits no weight; instead he has the burden of establishing that" transfer is not proper. *Id.* (quotation omitted). And the court "cannot independently weight the parties' private interests, but must deem such interests to weigh in favor of the preselected forum, the parties having struck that balance by their selection contract." *In re Rolls Royce*, 775 F.3d at 678. "[B]ecause [public] factors will rarely defeat a

transfer motion, the practical result is that the forum-selection clauses should control except in unusual cases." *Id.* (alteration omitted) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013)).

A district court's venue-transfer decision is reviewed for "'a clear abuse of discretion' based on 'extraordinary errors' leading to 'a patently erroneous result.'" *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013) (quoting *In re Volkswagen*, 545 F.3d at 309, 318).

## II.     Analysis

"[A] district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  It is undisputed that this case could have been brought in the Abilene Division of the Northern District of Texas, where the Azure Sky Wind Project facility is located and where Martinez's fall occurred.  *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

Although a plaintiff's choice of forum is given significant weight, this case has no connection to the Southern District of Texas.  The injury did not occur in this district; the construction project is not located in this district; the plaintiff does not reside in this district; his family does not reside in this district; his treating physicians do not reside or work in this district; the hospital where he received emergency care is not located in this district; and none of the defendants do substantial business in this district.  The only apparent connection between Martinez and this district is the location of his counsel, which is not a factor in the § 1404(a) analysis.  "The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a

4

factor to be assessed in determining whether to transfer a case under § 1404(a)." *In re Volkswagen*, 371 F.3d at 206.

Martinez's arguments on the public and private interest factors are unpersuasive. His brief quibbles over the availability of direct flights in and out of the Southern District compared to the Northern District. He cherry-picks some data to make the inconsequential point that trial may occur one week earlier in the Southern District compared to the Northern District. (Docket Entry No. 30 at 3, 14). Martinez and his family reside in the Northern District; the emergency medical response team and hospital that initially treated him is in the Northern District; and the physician that has continued to treat him is in the Northern District. The records and witnesses are largely already in the Northern District. The record shows no plausible basis to conclude that the Southern District would be a more convenient forum than the Northern District. Wanzek's motion to transfer this case to the Abilene Division of the Northern District of Texas, (Docket Entry No. 28), is granted. An order of transfer will be separately entered.

SIGNED on January 25, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge